UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| DAVID BARRIE, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERVOICE-BRITE, INC., et al.,<br><br>Defendants. | Civil Action No. 3:01-cv-1071-K<br><br>(Consolidated with Nos. 3:01-cv-1087-K; 3:01-cv-1152-K and 3:01-cv-1203-K)<br><br><u>CLASS ACTION</u> |

**LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to Rules 23(a), 23(b)(3) and 23(c)(1) of the Federal Rules of Civil Procedure, lead plaintiff Cary Alan Luskin and Debbie Luskin (collectively, "lead plaintiffs"), by their counsel, respectfully move this Court, for an Order: (i) certifying this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a Class, defined as all persons who purchased or otherwise acquired the publicly traded common stock of InterVoice-Brite, Inc. ("InterVoice" or the "Company") between October 12, 1999 and June 6, 2000, inclusive (the "Class Period"), and who were injured thereby; and (ii) appointing Cary Alan Luskin and Debbie Luskin representatives of the Class.

The Class should be certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) because each of the Rules' prerequisites is satisfied.

1. Rule 23(a)(1)'s numerosity requirement is satisfied. Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to lead plaintiffs at this time, lead plaintiffs believe that there are thousands of class members who are geographically dispersed across the country. Their identity and location can be readily obtained from defendants' files and records.

2. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, in satisfaction of Rules 23(a)(2) and 23(b)(3). Among the predominant questions of law and fact common to the Class are:

    (a) Whether the federal securities laws were violated by defendants' numerous fraudulent schemes;

    (b) Whether defendants' undisclosed schemes, false statements and omissions of material facts misrepresented the business, financial and operational results and future performance of the Company;

(c) Whether defendants acted willfully, knowingly, or recklessly in concealing their schemes and misrepresenting and omitting material facts;

(d) Whether the market price of the Company's common stock was artificially inflated during the Class Period due to defendants' schemes, material misrepresentations, deceptions and nondisclosures; and

(e) Whether the members of the class sustained economic loss causally connected to defendants' misconduct, and if so, the proper measure of such damages.

3. Lead plaintiffs' claims are typical of the claims to the other members of the Class, in satisfying Rule 23(a)(3). Lead plaintiffs and other members of the Class have sustained damages because of defendants' alleged unlawful activities.

4. Lead plaintiffs and their counsel adequately represent the Class, in satisfying Rule 23(a)(4). Lead plaintiffs have retained counsel competent and experienced in securities fraud class actions and complex litigation, prosecuted and intending to continue to prosecute this action vigorously. Lead plaintiffs have no interests which are contrary to or in conflict with those of the Class.

5. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Lead plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. *See* Fed. R. Civ. P. 23(b)(3).

6. Lead plaintiffs have filed contemporaneously a memorandum of law in support of this motion.

WHEREFORE, based upon the Consolidated Class Action Complaint for Violation of the Federal Securities Laws, and for the reasons set forth above and in the contemporaneously filed Memorandum of Points and Authorities in Support of Lead Plaintiffs' Motion for Class

Certification, Declaration of Jeffrey W. Lawrence in Support of Lead Plaintiffs' Motion for Class Certification, and Declaration of Bjorn I. Steinholt in Support of Lead Plaintiffs' Motion for Class Certification, the pleadings and records on file in this case and other such matters and argument as the Court may consider in the hearing of this motion, this Court should enter an Order certifying this case as a class action pursuant to Fed. R. Civ. P. 23, certifying lead plaintiffs as representatives of the Class, and certifying plaintiffs' counsel as counsel for the Class.

DATED: February 3, 2006

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
SHAWN A. WILLIAMS
LESLEY E. WEAVER


      /s/ Jeffrey W. Lawrence
JEFFREY W. LAWRENCE

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

STANLEY, MANDEL & IOLA, L.L.P.
MARC R. STANLEY
Texas State Bar No. 19046500
ROGER L. MANDEL
Texas State Bar No. 12891750
3100 Monticello Avenue, Suite 750
Dallas, TX 75205
Telephone: 214/443-4300
214/443-0358 (fax)

Liaison Counsel

## DECLARATION OF SERVICE BY FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on February 3, 2006, declarant served by facsimile the **LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** to the parties listed on the attached Service List.

3. That there is a regular communication by facsimile between the place of origin and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of February, 2006, at San Francisco, California.

/s/ Rebecca Grounds
REBECCA GROUNDS

T:\CasesSF\InterVoice\MOT00027804.doc

INTERVOICE- BRITE (LEAD)

Service List - 1/30/2006  (201-165)

Page 1 of 1

**Counsel For Defendant(s)**

William P. Hammer, Jr.
Ron Hauben
Ernst & Young LLP
5 Times Square, 36th Floor
New York, NY 10036
   212/773-9177
   212/773-2333(Fax)

Timothy R. McCormick
Richard B. Phillips, Jr.
Thompson & Knight, P.C.
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201-4693
   214/969-1700
   214/969-1751(Fax)

**Counsel For Plaintiff(s)**

William S. Lerach
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
   619/231-1058
   619/231-7423(Fax)

Jeffrey W. Lawrence
Shawn A. Williams
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
   415/288-4545
   415/288-4534(Fax)

Marc R. Stanley
Roger L. Mandel
Stanley, Mandel & Iola, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, TX 75205
   214/443-4301
   214/443-0358(Fax)